1   Richard D. McCune, State Bar No. 132124
    rdm@mccunewright.com
2   David C. Wright, State Bar No. 177468
    dcw@mccunewright.com
3   MCCUNEWRIGHT LLP
    2068 Orange Tree Lane, Suite 216
4   Redlands, California 92374
    Telephone:  (909) 557-1250
5   Facsimile:  (909) 557-1275

6   Attorneys for Plaintiffs BELLA BASCO and CRYSTAL ENNIS, on behalf of
    themselves and all others similarly situated

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  BELLA BASCO and CRYSTAL ENNIS,     )  Case No.:   CV09-06307 GHK(RZx)
    as individuals, and on behalf of all others  )
12  similarly situated                 )  Judge Assigned: Hon. George H. King
                                       )
13              Plaintiffs,            )  **PLAINTIFFS' OPPOSITION TO
                                       )  DEFENDANTS' MOTION TO STRIKE
14         v.                          )  CLASS ALLEGATIONS IN SECOND
                                       )  AMENDED COMPLAINT OR, IN THE
15  TOYOTA MOTOR CORPORATION,          )  ALTERNATIVE, FOR A MORE
    TOYOTA MOTOR SALES, U.S.A., INC.,  )  DEFINITE STATEMENT OF THE
16  CHRISTOPHER REYNOLDS, JANE         )  PROPOSED CLASS; DECLARATION
    HOWARD MARTIN, ERIC TAIRA,         )  OF DAVID C. WRIGHT; EXHIBITS**
17  DIAN OGILVIE; ALICIA McANDREWS,    )
    and DOES 1 through 10              )
18                                     )  Date:        June 7, 2010
                                       )  Time:        9:30 a.m.
19              Defendants.            )  Courtroom: 650
                                       )
20                                     )  Complaint Filed:  August 28, 2009
                                       )  First Amend. Compl. Filed: Nov. 16, 2009
21                                     )  Sec. Amend. Compl. Filed: April 2, 2010
                                       )
22                                     )
                                       )
23  _____)

24        Plaintiffs hereby submit their opposition to Defendants Toyota Motor

25  Corporation's ("TMC"), Toyota Motor Sales, U.S.A., Inc.'s ("TMS"), Toyota Motor

26  Engineering & Manufacturing North America, Inc.'s, ("TEMA"), Christopher Reynolds',

27  Jane Howard-Martin's, Eric Taira's, Dian Ogilvie's and Alicia McAndrews' (collectively

28  "Defendants") motion to strike class allegations in Plaintiffs Bella Basco's and Crystal

                                      -1-

Ennis' (hereinafter "Plaintiffs") Second Amended Complaint ("SAC"), or in the alternative, for a more definite statement of the proposed class.

This opposition is based on the attached Memorandum of Points and Authorities, the Declaration of David C. Wright and attached exhibits, the pleadings and records on file herein and on such other and further argument and evidence as may be presented at the time for the hearing.

DATED: May 17, 2009                                    McCune Wright LLP

By:   /s/ David C. Wright

David C. Wright
Attorneys for Plaintiffs

Plts.' Opp'n to Defs.' Mot. to Strike Class Allegations in SAC
Case No. CV09-06307 (RZx)

# TABLE OF CONTENTS

*Page*

I     INTRODUCTION ................................................................................. 1

II    PROCEDURAL BACKGROUND .......................................................... 2

III   STANDARD GOVERNING RULE 12(f) MOTIONS ............................ 3

IV   ARGUMENT ......................................................................................... 4

     A.    Defendants Waived Their Right to File a Motion to Strike Plaintiffs' Class Allegations of the SAC .............................................. 4

     B.    Defendants' Motion to Strike Is Premature ..................................... 6

     C.    Even If the Motion Were Not Premature, It Should Be Denied Because Defendants Have Failed to Demonstrate that Under No Set of Circumstances Can a Class Action Be Maintained ................................................. 7

     D.    Alternatively, Plaintiffs Request for Leave to Amend the Complaint .......... 11

V    CONCLUSION ..................................................................................... 12

Plts.' Opp'n to Defs.' Mot. to Strike Class Allegations in SAC
Case No. CV09-06307 (RZx)

# TABLE OF AUTHORITIES

**Cases**                                                                                                    *Page(s)*

*Alfus v. Pyramid Technology Corp.,*
   764 F.Supp. 598 (N.D. Cal. 1991) ...................................................................8

*Brazil v. Dell, Inc.,*
   No. 07-1700, 2008 WL 2693629 (N.D.Cal. July 7, 2008) ...............................9

*Bureerong v. Uvawas,*
   922 F. Supp. 1450 (C.D. Cal. 1996) ................................................................3

Chong v. State Farm Mut. Auto. Ins. Co.,
   428 F. Supp. 2d 1136 (S.D. Cal. 2006) ........................................................3, 7

*Culinary & Service Employees Union, AFL–CIO Local 555 v. Hawaii Employee Benefit*
   *Admin., Inc.,*
   688 F2d 1228 (9th Cir. 1982) ..........................................................................4

*Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.,*
   719 F. Supp. 1072 (M.D. Fla. 1989) ................................................................3

*DeBremaecker v. Short,*
   433 F. 2d 733 (5th Cir. 1970) ..........................................................................8

*General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147 102 S. Ct. 2364, 72 L. Ed. 2d
   740 (1982)......................................................................................................6, 11

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) .......................................................................10

*Harris v. Amgen, Inc.,*
   573 F.3d 728 (9th Cir. 2009) ..........................................................................11

*Hibbs-Rines v. Seagate Tech., LLC,*
   No. C 08-05430, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009) ..........................7

*In re American Medical Systems, Inc.,*
   75 F.3d 1069 (6th Cir.1996) ..........................................................................10

*In re Jamster Mktg. Litig.,*
   No. 05cv0819, 2009 WL 1456632 (S.D. Cal. May 22, 2009) ...........................6

*In re NVIDIA GPU Litig.,*
   No. C 08-04312, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) .......................6

*In re THQ Securities Litigation,*
   2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) ...............................................10

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation,*
   505 F. Supp. 2d 609 (N.D. Cal. 2007).............................................................9

*Lazar v. Trans Union LLC,*
   195 F.R.D. 665 (C.D. Cal. 2000).....................................................................4

1

## TABLE OF AUTHORITIES (cont.)

2

**Cases** *Page(s)*

3 *LeDuc v. Kentucky Cent. Life Ins. Co.,*
   814 F. Supp. 820 (N.D. Cal. 1992).........................................................3, 7

4
5 *Mag Instrument, Inc. v. JS Prod.'s, Inc.,*
   595 F. Supp. 2d 1102 (C.D. Cal.2008) ......................................................3

6 *RDF Media Ltd. v. Fox Broadcasting Co.,*
   372 F. Supp. 2d 556 (C.D. Cal. 2005) .......................................................3

7
8 *SEC v. Sands,*
   902 F. Supp. 1149 (C.D. Cal. 1995) ..........................................................4

9 *Shein v. Canon U.S.A., Inc.,*
   No. CV 08-07323, 2009 WL 3109721 (C.D. Cal. Sept. 22, 2009) .............3, 6, 7, 10

10
11 *Silverman v. Smithkline Beecham Corp.,*
   No. CV 06-7272, 2007 WL 3072274 (C.D. Cal. Oct. 16, 2007) ................6

12 *Stanbury Law Firm v. I.R.S.,*
   221 F.3d 1059 (8th Cir. 2000) ...................................................................3

13
14 *State of Cal. ex rel. State Lands Comm'n v. U.S.,*
   512 F. Supp. 36 (N.D. Cal. 1981)...............................................................3

15 *Thorpe v. Abbott Labs., Inc.,*
   534 F. Supp. 2d 1120 (N.D. Cal. 2008).....................................................10

16
17 *Velasquez v. HSBC Finance Corp.,*
   2009 WL 112919 (N.D. Cal. Jan. 16, 2009)..........................................9, 10

18 **Statutes**

19 18 U.S.C. § 1962 ...........................................................................................4

20 **Rules**

21 Fed. R. Civ. P. 12 ....................................................................................3, 7, 8

22 Fed. R. Civ. P. 23 ...................................................................................6, 8, 10

23 Fed. R. Civ. P. 12(g)(2).................................................................................4

24 Fed. R. Civ. P. 12(h) .....................................................................................4

25 **Treatises**

26 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1388
   (1990)..........................................................................................................5

27
28 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1380
   (3rd ed. 2004)..............................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Defendants have now filed their third motion to strike allegations from the pleading, pursuant to Federal Rule of Civil Procedure 12(f), notwithstanding the fact that the class allegations they now challenge for the first time have remained unchanged since set forth in the original complaint filed more than eight months ago.  Defendants' motion should be denied on the grounds that: 1) Defendants waived their right to file a motion to strike Plaintiffs' class allegations by failing to raise this challenge in either of their two previous challenges to the pleadings;[1] and 2) Defendants' purported Rule 12(f) motion is, in fact, a premature Rule 23 motion filed for the purpose of defeating class certification before Plaintiffs have had the opportunity to conduct any discovery.

Moreover, Defendants' contention that it previously challenged Plaintiffs' class allegations and, therefore, preserved its right to now challenge the class definition is disingenuous.  Defendant cannot deny that the proposed definitions for the statewide and nationwide classes have remained unchanged in the original Complaint, First Amended Complaint, and Second Amended Complaint.  Yet Defendant never challenged the definition of the class in either of its prior two rounds of challenges to the pleadings. Defendants' contention that by challenging Plaintiffs' claims for injunctive relief under California Unfair Competition Laws and the RICO Act, it was actually challenging the class definitions is simply not credible.

Finally, Defendant's contention that the Second Amended Complaint is a significantly different pleading than its predecessors is also without merit.  While the Second Amended Complaint was revised in accordance with the Court's ruling on Defendants' second motion to dismiss and motion to strike, Plaintiffs did not modify the

---

[1] Plaintiffs' voluntarily filed a First Amended Complaint in response to the Defendants' first motion to dismiss and motion to strike.

-1-

proposed class definitions in any way and did not add any new causes of action or claims for relief that were not included in the previous complaints.

Defendants will have their opportunity to raise any objections to the proposed class definitions and the viability of class-wide relief at the class certification stage of the litigation after Plaintiffs have had the opportunity to conduct discovery.  Defendants' attempt to circumvent this process by defeating class certification at this premature stage of the litigation is improper and should be denied in its entirety.

## II

## PROCEDURAL BACKGROUND

On or about August 28, 2009, Plaintiffs filed their original class action complaint against Defendants.  On October 22, 2009, Defendants' filed their first motion to dismiss and strike Plaintiffs' original complaint.  In its motions, Defendants did not challenge the proposed nationwide and statewide class definitions.  Thereafter, Plaintiffs voluntarily filed a First Amended Complaint on November 16, 2009 ("First Amended Complaint" or "FAC"), in lieu of opposing Defendants' motions.  Plaintiffs did not amend the proposed nationwide and statewide class definitions.

On December 7, 2009, Defendants filed their second motion to dismiss the FAC and second motion to strike portions of the FAC.  Again, Defendants did not challenge the proposed nationwide and statewide class definitions set forth in the FAC.  Plaintiffs opposed both motions.  In an order dated March 3, 2010, the Court ruled that Plaintiffs' fraud and RICO claims were dismissed with leave to amend and dismissed Plaintiffs' UCL claim without leave to amend.  (Order on Motion to Dismiss/Motion to Strike, Ex. A.)  The Motion to strike was granted in part and denied in part.  (*Id.*)

Thereafter, on or about April 2, 2010, Plaintiffs filed their Second Amended Complaint ("SAC"), but did not amend any of the proposed class definitions.  On or about May 3, 2010, Defendants filed the instant motion to strike Plaintiffs' class allegations, and it is also the first time Defendants have ever challenged Plaintiffs' class allegations.  For all of the following reasons, Plaintiffs hereby opposes the instant motion.

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III

### STANDARD GOVERNING RULE 12(f) MOTIONS

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." There is, however, perhaps no greater understatement in the law than that motions to strike are viewed with disfavor. Motions to strike are disfavored, in part, because of the policy favoring resolution on the merits. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike are also disfavored "[b]ecause of 'the limited importance of pleadings in federal practice[.]'" *Shein v. Canon U.S.A., Inc.*, No. CV 08-07323, 2009 WL 3109721, *3 (C.D. Cal. Sept. 22, 2009) (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). *See also Mag Instrument, Inc. v. JS Prod.'s, Inc*., 595 F. Supp. 2d 1102, 1106 (C.D. Cal.2008) (Rule 12(f) motions "are generally regarded with disfavor …[also] because they are often used as a delaying tactic") (internal citation omitted); *State of Cal. ex rel. State Lands Comm'n v. U.S.*, 512 F. Supp. 36, 38 (N.D. Cal.1981) (same). Some courts have even gone so far as to call Rule 12(f) motions "time wasters." *See Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F. Supp. 1072, 1073 (M.D. Fla. 1989).

Rule 12(f) motions are held to an exacting standard. Motions to strike are "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). At the pleading stage, "even where a plaintiff's complaint contains conclusory class allegations, those allegations should not be stricken if they relate to the subject matter of the litigation and are not redundant, impertinent or immaterial." *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006). As with motions to dismiss for failure to state a claim, the grounds for a motion to strike must appear on the face of the pleading under attack, or be discernible from matters which the court may judicially notice (*e.g.*, the court's own

Plts.' Opp'n to Defs.' Mot. to Strike Class Allegations in SAC
Case No. CV09-06307 (RZx)

1  files or records), *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), and the court

2  must view the pleading under attack in the light most favorable to the pleader.  *Lazar v.*

3  *Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

4  ///

5  ///

6                                              **IV**

7                                        **ARGUMENT**

8  **A.    Defendants Waived Their Right to File a Motion to Strike Plaintiffs' Class**
   **Allegations of the SAC**

9        The right to file a motion to strike is waived if the party files a pre-answer Rule 12

10 motion on other grounds and does not include a motion to strike.  Fed. R. Civ. Proc.

11 12(h); *Culinary & Service Employees Union, AFL–CIO Local 555 v. Hawaii Employee*

12 *Benefit Admin., Inc.*, 688 F2d 1228, 1232 (9th Cir. 1982).  Additionally, a party that

13 previously made any motion under Rule 12 of the Federal Rules of Civil Procedure

14 cannot make another motion under the same rule which raises a defense or objection that

15 was available to the party but omitted from its earlier motion.  Fed. R. Civ. Proc.

16 12(g)(2).

17       Defendants waived their right to strike Plaintiffs' class allegations when they filed

18 their Motions to Dismiss and Motions to Strike portions of Plaintiffs' Compliant on

19 October 22, 2009,and again on December 7, 2009 .  (Defendants' Motion to Strike and

20 Dismiss Original Complaint, Ex. B; Defendants' Motion to Strike Plaintiffs' FAC, Ex. C;

21 Defendants' Motion to Dismiss Plaintiffs' FAC, Ex. D.)  In their motion to strike the

22 FAC, Defendants' requested that the Court strike the following: (1) Plaintiffs' request for

23 injunctive relief under RICO; (2) Plaintiffs' request for disgorgement, restitution and

24 injunctive relief under the UCL; and (3) Plaintiffs' request for punitive damages.  (Ex. C

25 at p. 1).  Nowhere did Defendants request that the Court strike any of Plaintiffs' class

26 allegations as they do in the instant motion to strike.  In their motion to dismiss,

27 Defendants requested that the court dismiss the following claims:  (1) Plaintiffs' causes

28 of action for violation of California's Unfair Business Practices Act ("UCL") and fraud;

-4-

and (2) Plaintiffs' civil RICO allegations under 18 U.S.C. § 1962(a) and (b).  (Ex. D at pp. 7-21).  Again, just as in their motion to strike, Defendants' fail to address the class action allegations in their motion to dismiss.  It is clear that Defendants' defense of insufficient class allegations was "available" to them at the time they filed their first pre-answer motions to dismiss and strike the FAC.  The FAC's class allegations remain identical to those of the second amended complaint.

Plaintiffs' counsel, in the meet and confer process prior to Defendants' filing of the instant motion, informed Defendants of the fact that they have waived their argument with respect to the "insufficiency" of the SAC's class definitions, and that they need to address such issues in a Class Certification Motion instead.  (Wright Decl, ¶ 2.)  In their attempt to argue against the impropriety of their motion, Defendants give little attention to this procedural concern in a footnote at the end of their brief.  (See Defs.' Mot. at p. 16, fn. 6).  First, Defendants allege that the SAC completely supplants the FAC, giving rise to a new round of pleadings and responses.  However, for the reasons noted above, that is only true with regard to those defenses that were *not* available to Defendants during the first round of pleadings.  *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (1990) ("[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to amendment....") (emphasis added).

Second, Defendants contend that even if the SAC did not supplant the FAC completely, that they did in fact challenge Plaintiffs' class allegations in the FAC.  However, their argument in support of their position is vacuous because the dismissal of Plaintiffs' injunctive relief claims pursuant to the UCL and the RICO Act are completely irrelevant to the class definition at issue.  Indeed, Defendants do not even attempt to explain how their previous challenge to Plaintiffs' injunctive relief claims is even remotely related to Plaintiffs' class allegations.  They just state, without support, that the claims for injunctive relief and the class allegations are one and the same.

Plts.' Opp'n to Defs.' Mot. to Strike Class Allegations in SAC
Case No. CV09-06307 (RZx)

1    Third, and along the same disingenuous line of argument, Defendants claim that
2    the SAC is "a significantly different pleading than either of its predecessors because
3    Plaintiffs have now elected to forego any claims for injunctive relief under any statue or
4    cause of action." (Defs.' Mot. at p. 16, fn. 6). Again, Defendants fail to offer any insight
5    as to why this alters the nature of Plaintiffs' class definition or remaining class
6    allegations, thereby making the pleadings "new." This is because such an argument is
7    bereft of any legal or factual support. This is especially true in light of the identical class
8    action allegations and definitions contained in the both the FAC and the SAC.

9    One can only conclude, as the courts did in *Mag Instrument, Inc. v. JS Prod.'s,*
10   *Inc.*, and *State of Cal. ex rel. State Lands Comm'n* , that Toyota's true intent in waiting
11   until its third challenge to the pleadings of class definitions that were unchanged since the
12   original complaint was to delay Plaintiffs' ability to progress to the discovery phase of
13   the litigation.

14   In sum, because Defendants' motion to strike is procedurally improper and
15   premature, as discussed more thoroughly below, they must delay their attack on
16   Plaintiffs' class definitions until the class certification motion.

17   **B.    Defendants' Motion to Strike Is Premature**

18   Defendants' motion to strike Plaintiffs' class allegations is an attempt prematurely
19   to circumvent Rule 23. There can be no clearer illustration of this effort than the very
20   first paragraph of their argument, where Defendants cite *General Tel. Co. of the*
21   *Southwest v. Falcon,* 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982), for the
22   proposition that "[r]ule 23(a) requires that the claims of a proposed class meet several
23   sets of requirements before the class can be certified." (Defs.' Br., at 9). In fact, *Falcon*
24   stands only for the proposition that an individual litigant seeking to maintain a class
25   action under Title VII must meet the prerequisites of numerosity, commonality,
26   typicality, and adequacy of representation. More to the point, though, "the granting of
27   motions to dismiss class allegations before discovery has commenced is rare." *In re Wal-*
28   *Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). "[T]he better course is to

-6-

1   deny such a motion because the shape and form of a class action evolves only through the

2   process of discovery." *Id.* Instead, "[a] determination of the ascertainability and

3   manageability of the putative class in light of the class allegations is best addressed at the

4   class certification stage of the litigation." *In re NVIDIA GPU Litig., No.* C 08-04312,

5   2009 WL 4020104, at *13 (N.D. Cal. Nov. 19, 2009).[2]

6       Defendants understandably are anxious to make an early plea to "cap" liability for

7   the harm they have caused by moving to strike class allegations. But there has been no

8   discovery yet in this matter and there has been no opportunity to develop the record

9   which will be necessary for complete and proper evaluation of class certification issues,

10  rendering Defendants' effort hopelessly premature.[3] As such, Defendants' motion to

11  strike should be denied in its entirety.

12  **C.    Even If the Motion Were Not Premature, It Should Be Denied Because Defendants Have Failed to Demonstrate that Under No Set of Circumstances Can a Class Action Be Maintained**

13

14      Although a court may, in an appropriate circumstance, strike from a pleading "an

15  insufficient defense or any redundant, immaterial, impertinent, or scandalous material,"

16  Fed. R. Civ. P. 12(f), it is Defendants' burden to show that "the matter to be stricken

17  could have no possible bearing on the subject matter of the litigation," *LeDuc v. Kentucky*

18  *Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992), and that the allegations do

19

20  [2] *See also Shein v. Canon U.S.A., Inc.,* No. CV 08-07323, 2009 WL 3109721 (C.D. Cal.

21  Sept. 22, 2009)*; Silverman v. Smithkline Beecham Corp.,* No. CV 06-7272, 2007 WL 3072274, at *2 (C.D. Cal. Oct. 16, 2007) (denying motion to strike or dismiss Rule 23

22  class claim, choosing to "instead wait for full dedicated briefing on the class certification issue at the appropriate time"); *In re Jamster Mktg. Litig.*, No. 05cv0819, 2009 WL

23  1456632, at *7 (S.D. Cal. May 22, 2009). ("[T]he court declines to address issues of class

24  certification at the present time. Piece-meal resolution of issues related to the prerequisites for maintaining a class action do not serve the best interests of the court or

25  parties."); *Hibbs-Rines v. Seagate Tech., LLC*, No. C 08-05430, 2009 WL 513496, at *3

26  (N.D. Cal. Mar. 2, 2009) (denying motion to strike class allegations as premature where defendants had "not answered [the complaint], discovery ha[d] not yet commenced, and

27  no motion for class certification ha[d] been filed").

28  [3] That many of the cases cited by Defendants reflect substantive Rule 23 class certification determinations further evidences that this analysis is not yet ripe.

not "relate to the subject matter of the litigation and are . . .  redundant, impertinent or immaterial."  *Chong v. State Farm Mut. Auto. Ins. Co*., 428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006).  Further, "defendant must establish that any questions of law are clear and undisputed, and that under no set of circumstances could the claim succeed."  *Shein v. Canon U.S.A., Inc.*, No. CV 08-07323, 2009 WL 3109721, at *8 (C.D. Cal. Sept. 22, 2009).  Indeed, "because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1380 (3rd ed. 2004).

Defendants argue that Plaintiffs' class definitions are deficient because(1) they require individual consideration of the merits and (2) they lack specific, objective criteria. (*See, e.g.,* Defs.' Brief at 9-14).  While these issues are more appropriately addressed on a motion for class certification after the claims are developed and a record is created, Defendants' motion lacks merit even to the extent the Court does consider it at this juncture.

The primary flaw in Defendants' effort to circumvent Rule 23 analysis with their Rule 12(f) motion is that they paint with too broad a brush.  Defendants make every attempt to paint Plaintiffs' class allegations as unwieldy and unworkable, but they cannot prevail on their Rule 12(f) motion where they cannot show that all questions of law are "clear and undisputed."  Defendants argue that Plaintiffs' claims are inappropriate for class treatment as they will require many individualized issues of proof.  But differentiations among the timing of and extent of class members' injuries do not render an action ill-suited for class treatment.  *Rosario v. Livatidis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Alfus v. Pyramid Technology Corp.*, 764 F. Supp. 598, 606 (N.D. Cal. 1991) (holding there is "typicality" where defendant's fraudulent representations to plaintiff are similar to those made later to other purchasers).  As such, the manageability contentions

1    raised by Defendants are insufficient to demonstrate as a matter of law that "under no set
2    of circumstances" could Plaintiffs' claims succeed on a class-wide basis.

3        Defendants expend considerable effort arguing that Plaintiffs' proposed classes are
4    not ascertainable.  Although the identity of the class members need not be known at the
5    time of certification, class membership must be objectively ascertainable; i.e., it must be
6    possible for the members to identify themselves as a member of the class.  *DeBremaecker*
7    *v. Short*, 433 F. 2d 733, 734 (5th Cir. 1970).  Despite Defendants' argument to the
8    contrary, the class members can be objectively identified because Defendants certainly
9    have records on all of the product liability litigation they have been involved in.  Also,
10   they have records on all of the discovery that was propounded to them requesting the ESI
11   that was concealed but never produced to putative class members.  Once Plaintiffs are
12   able to conduct full discovery, they can then determine what documents were wrongfully
13   withheld, the time frame in which the documents were withheld, and consequently the
14   class of plaintiffs whose cases were affected by the withholding of such documents.

15       Defendants also seem to suggest that Plaintiffs' class definitions are not certifiable
16   for the additional reason that they are "fail-safe classes."  (Defs.' Brief at p. 13).  Fail-
17   safe classes are defined by the merits of their legal claims, and are therefore
18   unascertainable prior to a finding of liability in the plaintiffs' favor.  *Brazil v. Dell, Inc*.,
19   No. 07-1700, 2008 WL 2693629, at *7 (N.D.Cal. July 7, 2008).  Defendants cite *Brazil*
20   for support that the instant matter is also a fail-safe class.  However, in *Brazil,* the court
21   determined that Texas rather than California law applied, and the court granted plaintiffs
22   leave to amend their complaint to state claims under Texas law.  2008 WL 2693629.
23   Because the plaintiffs were almost certain to amend their complaint, it made sense for the
24   court to strike plaintiffs' fail-safe class definitions at that junction.  *Id.*

25       This Court should follow the lead of *In re Wal-Mart Stores, Inc. Wage and Hour*
26   *Litigation,* 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) and *Velasquez v. HSBC Finance*
27   *Corp.,* 2009 WL 112919 (N.D. Cal. Jan. 16, 2009).  In *In re Wal-Mart Stores*, the court
28   found plaintiffs' class definitions suspicious for being defined by the merits of their legal

-9-

1   claims.  505 F.Supp.2d at 615.  However, the Court determined that it would be

2   premature to rule on the propriety of the class allegations and definitions.  *Id*. at 615-16.

3   The court denied the motion to strike class allegations, noting that the non-moving party

4   "has not answered in this case, discovery has not yet commenced, and no motion for class

5   certification has been filed." *Id*. at 615.  For the same reasons, despite finding the class

6   definitions troubling because the classes could not be defined before first making a legal

7   determination,the Court in *Velasquez* still denied the defendants' motion to strike as

8   premature, noting that "[g]enerally, courts review class allegations and definitions

9   through a motion for class certification."  2009 WL 112919 at *4 (*citing In re Wal-Mart

10  Stores,* 505 F. Supp. 2d at 614).  The *Velasquez* court also noted that "' [m]otions to

11  strike class allegation are disfavored because a motion for class certification is a more

12  appropriate vehicle for the arguments.'" *Id.* (*citing Thorpe v. Abbott Labs., Inc.,* 534 F.

13  Supp. 2d 1120, 1125 (N.D. Cal. 2008).

14      Defendants also contend that because "class members cannot be identified unless

15  and until Toyota is found to withheld [sic] relevant evidence in each prospective

16  member's product liability action," class certification would provide massive

17  manageability problems for a court. (Defs.' Mot. at 14).  Again, Defendants are putting

18  the cart before the horse by arguing that common issues are lacking and outweighed by

19  individual issues.  This is not a motion for class certification with the benefit of a well-

20  developed record.  As a threshold matter, Defendants overlook in their haste to advance

21  this issue that the "commonality" requirement of Rule 23 requires only that there be *some*

22  question of law or fact common to the class.  Complete commonality of questions of law

23  and fact is not required.  *In re THQ Securities Litigation*, 2002 WL 1832145, *3 (C.D.

24  Cal. Mar. 22, 2002) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.

25  1998)).  "The commonality test is qualitative rather than quantitative, that is there need be

26  only a single issue common to all members of the class." *In re American Medical

27  Systems, Inc.*, 75 F.3d 1069, 1090 (6th Cir.1996).  Sufficient commonality is shown

28  where the allegations are that the party opposing the class engaged in some course of

-10-

1    conduct that affects a group of persons and gives rise to a cause of action.  *Id.*  In light of

2    these standards, it is clear that Defendants cannot and do not carry their burden of

3    demonstrating that all questions of law they raise under Rule 23 are "clear and

4    undisputed" and that "under no set of circumstances" could Plaintiffs' nationwide class

5    succeed.  *Shein*, 2009 WL 3109721, at *8.

6          Finally, Defendants take the position that Plaintiffs' class definitions are

7    "defective" because they lack specific, objective criteria.  Specifically, Defendants

8    complain that Plaintiffs failed to provide any temporal, jurisdictional, procedural, or

9    substantive limitations on their class action definitions.  Again, after the opportunity for

10    full and fair disclosure during the discovery process, Plaintiffs can indeed confine the

11    putative class members according to the information contained in Defendants' records.

12    And although Defendants actually take the time to protest the terms "lost at trial";

13    "product liability action"; "relevance";"loss" and "settled" as un-defined, this can easily

14    be resolved by consultation with any legal dictionary.

15          Accordingly, Defendants' motion to strike Plaintiffs' class allegations should be

16    denied; the parties and the Court should address this issue with the benefit of a developed

17    record on the basis of class discovery at the motion for class certification stage.

18    **D.    Alternatively, Plaintiffs Request for Leave to Amend the Complaint**

19          Should this Court grant any part of Defendants' motion to strike, Plaintiffs request

20    leave to amend the complaint, pursuant to Federal Rules of Civil Procedure, Rule 15(a).

21    Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."

22    As the Ninth Circuit reminded in *Harris v. Amgen, Inc.*, 573 F.3d 728, 736 (9th Cir.

23    2009), "Dismissal without leave to amend is improper unless it is clear that the complaint

24    could not be saved by any amendment."

25    //

26    //

27

28

-11-

Plts.' Opp'n to Defs.' Mot. to Strike Class Allegations in SAC
Case No. CV09-06307 (RZx)

1

V

2

**CONCLUSION**

3        For all of the foregoing reasons, Defendants' Motion to Strike Plaintiffs' Second

4  Amended Complaint should be denied.  Alternatively, Plaintiffs respectfully request

5  leave to amend.

6

7

8  DATED: May 17, 2010.                          MᴄCᴜɴᴇWʀɪɢʜᴛ, LLP

9

10                                        BY:   /s/ *David C. Wright*

11                                               David C. Wright

12                                               Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plts.' Opp'n to Defs.' Mot. to Strike Class Allegations in SAC
Case No. CV09-06307 (RZx)